AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Residence located at 2447 Riverdale Ave., Los Angeles, CA 90031

Case No. 2:18-MJ-00417

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Central____ District of ____California____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before ____14 days from the date of its issuance____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.

☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 2/26/18 at 3:58 p.m.

City and state: Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
*Printed name and title*

AUSA: Veronica Dragalin (x0647)

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 2:18-MJ-00417 | 2-27-18 / 1:00 PM | XIU LAO 1-19-22 |

Inventory made in the presence of:
TFO JOHN HACKMAN

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

SEE ATTACHED

### Certification (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 2-27-18

_Executing officer's signature_

TFO JOHN HACKMAN
_Printed name and title_

AUSA: Veronica Dragalin (x0647)

# ATF Evidence Log

Case #: 78408S-18-0004   Case Title:

Seizure Date: 2-27-18   Time On Site:
Location Address: 247 Riverdale Ave, Los Angeles
Location/Person Name:
Other:

Team Leader:
Evidence Tech:
Photograph:
Schematic Artist:

Pg 1 of 2

| Item # | NForce # | Photo # | Description | Found By: |
|---|---|---|---|---|
| 1 | | | **Location Found:** Sivi's bedroom <br> **Description:** Twenty rounds .45 ammunition <br> **Make/Model:** Federal <br> **Serial/Unique #:** | JM |
| 2 | | | **Location Found:** Sivi's bedroom <br> **Description:** DMV paperwork and other indicia <br> **Make/Model:** Cadillac CTS <br> **Serial/Unique #:** 1G6D45277801186647 | GD |
| 3 | | | **Location Found:** Sivi's bedroom <br> **Description:** Suspected ecstacy pills <br> **Make/Model:** <br> **Serial/Unique #:** | JM |
| 4 | | | **Location Found:** Sivi's bedroom <br> **Description:** baggies consistent with narcotics packaging <br> **Make/Model:** <br> **Serial/Unique #:** | JM |
| 5 | | | **Location Found:** Sivi's bedroom <br> **Description:** digital scale <br> **Make/Model:** Tanita 1479V <br> **Serial/Unique #:** | JM |
| 6 | | | **Location Found:** Sivi's bedroom <br> **Description:** plastic baggies consistent with narcotics packaging <br> **Make/Model:** <br> **Serial/Unique #:** | JM |
| 7 | | | **Location Found:** Sivi's bedroom <br> **Description:** digital scale <br> **Make/Model:** Weighmax <br> **Serial/Unique #:** W-GTS 100 | JM |
| 8 | | | **Location Found:** Garage <br> **Description:** Safe, forty rounds of .40 caliber ammunition <br> **Make/Model:** Winchester <br> **Serial/Unique #:** | JM |

# ATF Evidence Log

**Case #:** 7840SS-18-0004   **Case Title:**

**Seizure Date:** 2-27-18   **Time On Site:**
**Location Address:** 2447 Riverdale, Los Angeles
**Location/Person Name:**
**Other:**

**Team Leader:**
**Evidence Tech:**
**Photograph:**
**Schematic Artist:**

Pg 2 of 2

| Item # | NForce # | Photo # | Description | | | Found By: |
|---|---|---|---|---|---|---|
| | | | Location Found: | Make/Model: | Serial/Unique # | |
| | | | Description: | | | |
| | | | Location Found: | Make/Model: | Serial/Unique # | |
| | | | Description: | | | |
| | | | Location Found: | Make/Model: | Serial/Unique # | |
| | | | Description: | | | |
| | | | Location Found: | Make/Model: | Serial/Unique # | |
| | | | Description: | | | |
| 9 | | | Location Found: Garage safe | Make/Model: BMC | Serial/Unique # | JM |
| | | | Description: Fifty rounds of .380 caliber ammunition | | | |
| 10 | | | Location Found: Garage Safe | Make/Model: | Serial/Unique # | JM |
| | | | Description: Forty Three rounds of .22 caliber ammunition | | | |

## ATTACHMENT A-1

### PREMISES TO BE SEARCHED

The premises located at 2447 Riverdale Avenue, Los Angeles, California 90031 (the "SUBJECT PREMISES"). The SUBJECT PREMISES is a single-family residence. The SUBJECT PREMISES is yellow in color with brown trim and has a grey shingled roof. The front door of the SUBJECT PREMISES faces south. There is a waist-high chain link fence that surrounds the front yard. The number "2447" is painted in black with a white background on the curbside in front of the SUBJECT PREMISES and "2447" is affixed in white numbers to the structure. The SUBJECT PREMISES is on the north side of Riverdale Avenue, east of Crystal Street and next to a bike path.

## ATTACHMENT B

### I. ITEMS TO BE SEIZED

1. The items to be seized from the SUBJECT PREMISES and the SUBJECT CAR are the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Section 846 (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances); Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) (Distribution and Possession with Intent to Distribute Controlled Substances); Title 21, United States Code, Section 856 (Maintaining a Premise for the Purpose of Distributing Controlled Substances); Title 18, United States Code, Section 922(g)(1) (Felon in Possession of a Firearm and Ammunition), Title 18, United States Code, Section 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) (collectively, the "SUBJECT OFFENSES"), namely:

   a. Any controlled substance, controlled substance analogue, or listed chemical.

   b. Any firearms or ammunition.

   c. United States currency over $1,000 or bearer instruments worth over $1,000 (including cashier's checks, traveler's checks, certificates of deposit, stock certificates, and bonds) (including the first $1,000).

   d. Items and paraphernalia for the manufacturing, distributing, packaging, sale, or weighing of controlled substances, including scales and other weighing devices, plastic baggies, food saver sealing devices, heat sealing devices, balloons, packaging materials, containers, and money counters.

e. Items used in the packaging of currency for consolidation and transportation, such as money-counting machines, money wrappers, carbon paper, rubber bands, duct tape or wrapping tape, plastic wrap or shrink wrap, and plastic sealing machines.

f. Documents and records reflecting the identity of, contact information for, communications with, or times, dates or locations of meetings with co-conspirators, sources of supply of controlled substances, firearms, or ammunition, or drug and firearms customers, including calendars, address books, telephone or other contact lists, hard copy correspondence, notes, emails, text messages, photographs, and videos (including items stored on digital devices).

g. Records, documents, programs, applications or materials relating to the trafficking of controlled substances, firearms, and ammunition, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when controlled substances, firearms, and ammunition were bought, sold, or otherwise distributed.

h. Records, documents, programs, applications, or materials showing payment, receipt, concealment, transfer, or movement of money generated from the sale of controlled substances, firearms, and ammunition, including documents written in vague or coded language, and including bank account records, wire transfer records, bank statements, pay-owe sheets,

receipts, safe deposit box keys and records, money containers, financial records, and notes.

   i. Audio recordings, pictures, video recordings, or still captured images relating to the possession or distribution of controlled substances, the possession, distribution or use of firearms and ammunition, and the collection, transfer or laundering of the proceeds of the SUBJECT OFFENSES.

   j. Contents of any calendar or date book.

   k. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations.

   l. Any indicia of occupancy, residency, or ownership of the SUBJECT PREMISES and SUBJECT CAR, including, forms of personal identification, immigration records, records relating to utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, escrow documents, keys, letters, mail, cancelled mail envelopes, personal belongings, personal photographs, vehicle insurance documents, vehicle registration documents, department of motor vehicle documents, maintenance receipts, parking tickets, vehicle code violation tickets, purchase, lease, or rental agreements, and loan payment receipts.

   m. Records, documents, programs, applications or materials, including bills and subscriber documents, related to digital devices used to facilitate the SUBJECT OFFENSES.

   n. Any digital device used to facilitate the SUBJECT OFFENSES and forensic copies thereof.

o. With respect to any digital device used to facilitate the SUBJECT OFFENSES or containing evidence falling within the scope of the foregoing categories of items to be seized:

i. Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii. Evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. Evidence of the attachment of other devices;

iv. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v. Evidence of the times the device was used;

vi. Passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

vii. Applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

     viii. Records of or information about Internet Protocol addresses used by the device; and

     ix. Records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

  3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

4. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) beyond this 120-day period without obtaining an extension of time order from the Court.

   b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

      i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

   c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

   d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

   e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

   f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital

device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

  g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

  h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

  a. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

  b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

  c. Any magnetic, electronic, or optical storage device capable of storing digital data;

      d.    Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

      e.    Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

      f.    Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

      g.    Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

6.    During the execution of this search warrant, the law enforcement personnel are authorized to: (1) depress the thumb- and/or fingerprints of defendant SAM LOCK SIU ("SIU") onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of SIU's face with his eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.

7.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.